the upholding of his own misdoing. An act of gross injustice has been done to the defendant in bringing his property into the jurisdiction of the court to subject it to an unlawful levy upon a duly-authorized attachment, and we are of the opinion that the notice of motion was ample, under the circumstances, to warrant the making of the order appealed from.

Order affirmed, with costs.

---

### CHANDLER v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. January 29, 1901.)

ANSWER—ANOTHER CASE PENDING—DEMURRER.

Where an answer alleged that plaintiff, on a prior date, began an action against the defendant for the same cause of action alleged in the complaint, and that the prior action was still at issue and undisposed of, the overruling of a demurrer to the answer, on the ground that it was insufficient in law on its face, was proper.

Appeal from trial term.

Action by Mary Chandler against the Metropolitan Street-Railway Company. From a judgment overruling a demurrer to the answer, plaintiff appeals. Affirmed.

Argued before McCARTHY and CONLAN, JJ.

Abraham Oberstein, for appellant.
Henry A. Robinson, for respondent.

CONLAN, J. The fourth paragraph of the defendant's answer, which was made the subject of the demurrer, is in the following language:

"For a third further and separate defense herein defendant alleges: That on the 29th day of September, 1900, the plaintiff herein, by Joseph L. Prager, her attorney, began an action in the supreme court against this defendant for the same cause of action alleged in the complaint herein, and, said prior action being still at issue and undisposed of, the defendant pleads the same in bar of this action."

We think the overruling of the demurrer thereto, on the ground that it is insufficient in law upon the face thereof, was a correct determination of the question presented, and one that does not call for an interference by the court upon appeal.

Judgment appealed from affirmed, with costs.

McCARTHY, J., concurs.